NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JULIA S. CHOE (Cal. Bar No. 287038)
Assistant United States Attorney
General Crimes Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6530
     Facsimile: (213) 894-0141
     E-mail:    Julia.choe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 5:17-239-PA |
|---|---|
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING CONFIDENTIAL INFORMANT AND/OR COOPERATING WITNESS INFORMATION |
| v. | |
| MELVIN EDWARDS, III,<br>*Aka Melvin Thai Edwards,*<br>*Aka Jack Edwards,* | PROPOSED ORDER FILED SEPARATELY |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Julia Choe, and defendant MELVIN EDWARDS, III ("defendant"), by and through his counsel of record, Stephanie Thornton-Harris, (collectively the "parties"), for the reasons set forth below, hereby stipulate, agree, and request that the Court enter a protective order in this case restricting the use and dissemination of information related to confidential informants and/or cooperating witnesses who may testify at the trial in this case, as set forth below.

1. On November 28, 2017, the indictment was filed against defendant in this case. Defendant is charged with a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition. Defendant is detained pending trial.

2. The government intends to produce to the "defense team" (defined below) materials related to confidential informants or cooperating witnesses (collectively referred to as the "Protected Information"). The Protected Information could be used to identify the confidential informants or cooperating witnesses. The purpose of this proposed protective order is to prevent the unauthorized dissemination or distribution of this Protected Information, which dissemination the government believes may compromise the ability of such persons to participate effectively in future investigations in an undercover capacity and/or may expose him/her to potential safety risks.

3. The parties recognize that the Protected Information that the government produces to the defense pursuant to the proposed protective order is solely for the use of defendant, his attorneys, or other individuals or entities acting within the attorney-client relationship to prepare for the trial in this case.

4. Accordingly, the parties jointly request a protective order that will permit the government to produce discovery related to the confidential informants or cooperating witnesses, but preserves the security of the confidential informants or cooperating witnesses by placing limitations on the use of discovery and on defendant's access to the discovery without defense counsel present.

5. The parties agree that the following conditions, if ordered by the Court in the proposed protective order (the "Protective

Order"), will serve the government's interest in preserving the effectiveness and safety of confidential informants and/or cooperating witnesses, while permitting the defense to understand the government's evidence against defendant:

    a.   For purposes of the Protective Order, the term "confidential materials" includes any information relating to a confidential informant's or cooperating witness's prior history of cooperation with law enforcement, prior criminal history, or any other information that could be used to identify a confidential informant or cooperating witness, such as a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or personal identification number.  The term "Protected Information" refers to any document or information containing confidential materials that the government produces to the defense pursuant to the Protective Order.

    b.   For purposes of the Protective Order, the term "defense team" refers to (1) defendant's counsel of record, (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case -- all of whom have been advised of their obligations under the Protective Order and have affirmed to defendant's counsel of record that they agree to be bound by the terms of the Protective Order.  The term "defense team" does not include defendant, his family members, or any other associates of defendant.

    c. Defendant's counsel of record agrees to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any materials subject to the Protective Order.

    d. The government is authorized to provide defendant's counsel of record with Protected Information marked with the following legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER."  If defendant objects to any such designation, he may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

    e. Defendant may review Protected Information in this case only in the presence of the defense team, and the defense team shall ensure that defendant is never left alone with any discovery subject to the Protective Order.  Defendant may see and review Protected Information in the presence of the defense team, but defendant may not copy, keep, maintain, or otherwise possess any of such Protected Information in this case at any time.  Defendant must return any Protected Information to the defense team at the conclusion of any meeting at which defendant is permitted to view the Protected Information.  Defendant may not take any Protected Information out of the room in which he is meeting with the defense team.  Defendant may not write down or memorialize any confidential materials contained in the Protected Information.  At the conclusion of any meeting with defendant, the defense team shall take with him all Protected Information.  At no time, under no circumstance, will any Protected Information be left in the possession, custody, or control of defendant, whether he is incarcerated or not.

    f. The defense team shall not permit anyone other than the defense team to have possession of Protected Information, including defendant himself.

    g. The defense team shall access and use Protected Information for the sole purpose of preparing for trial or any related proceedings in this case. The defense team may review Protected Information with a witness or potential witness in this case, including defendant, subject to the requirement above that defense counsel must be present if Protected Information is being shown to defendant. Before being shown any portion of Protected Information, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No witness or potential witness may retain Protected Information, or any copy thereof, after his or her review of those materials with the defense team is complete.

    h. The defense team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members and defendant as restricted above to see Protected Information, (2) not divulging to anyone the contents of Protected Information, and (3) not permitting Protected Information to be outside the defense team's offices, homes, vehicles, or personal presence.

    i. To the extent that notes are made that memorialize, in whole or in part, the confidential materials in any Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions

5

become Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

j.   The defense team shall use Protected Information and materials otherwise identified as containing confidential materials only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Protected Information or materials otherwise identified as containing confidential materials with the Court or divulge the contents of such materials in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact the confidential materials and make all reasonable attempts to limit the divulging of confidential materials.

k.   The parties also agree that any confidential materials produced in the government's discovery prior to the date of the Protective Order shall be deemed covered by the terms of the Protective Order.

l.   Upon the final disposition of this case, any Protected Information and materials otherwise identified as containing confidential materials shall not be used, in any way, in any other matter, absent a court order.  All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is

modified by court order.  Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return Protected Information and materials otherwise identified as containing confidential materials to the government or certify that such materials have been destroyed.

      m.   In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any Protected Information or materials otherwise identified as containing confidential materials may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of materials designated subject to the Protective Order and who shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government or certifying the destruction of all Protected Information and materials otherwise identified as containing confidential materials.

    6.   Defense counsel has conferred with defendant regarding this stipulation and the proposed order thereon, and defendant agrees to the terms of the proposed order.

7. Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

Dated: February 7, 2018

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

/s/ Julia S. Choe
JULIA S. CHOE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated:

STEPHANIE THORNTON-HARRIS
Deputy Federal Public Defender

Attorney for Defendant
MELVIN EDWARDS, III

7.  Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

Dated: February __, 2018

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

_____
JULIA S. CHOE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: February 7, 2018

_____
STEPHANIE THORNTON-HARRIS
Deputy Federal Public Defender

Attorney for Defendant
MELVIN EDWARDS, III

8