NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JULIA S. CHOE (Cal. Bar No. 287038)
Assistant United States Attorney
General Crimes Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6530
     Facsimile: (213) 894-0141
     E-mail:   Julia.choe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 5:17-239-PA |
|---|---|
| Plaintiff, | ORDER REGARDING DISCOVERY CONTAINING CONFIDENTIAL INFORMANT AND/OR COOPERATING WITNESS INFORMATION |
| v. | |
| MELVIN EDWARDS, III, *Aka Melvin Thai Edwards,* *Aka Jack Edwards,* | |
| Defendant. | |

The Court has read and considered the Stipulation and Joint Request for a Protective Order Regarding Discovery Containing Confidential Informant Information, filed by the government and defendant MELVIN EDWARDS, III ("defendant") in this matter on February 7, 2018, which this Court incorporates by reference into this order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

1.   The government's discovery in this case relates to defendant's alleged crime, which includes a violation of 18 U.S.C.

1

1  § 922(g)(1): Felon in Possession of a Firearm and Ammunition.

2     2.   Certain parts of the discovery in this case relate to
3  confidential informants and/or cooperating witnesses, and as such the
4  discovery may contain personal identifying information.  The
5  dissemination or distribution of these materials could compromise the
6  ability of the confidential informants and/or cooperating witnesses
7  to participate effectively in future investigations in an undercover
8  capacity, and it could expose them to potential safety risks.

9     3.   The Court finds it is appropriate, therefore, for a
10 Protective Order that would allow the government to produce discovery
11 related to the confidential informants and/or cooperating witnesses,
12 but places limitations on defendant's access to the discovery without
13 defense counsel present.

14    4.   The Court agrees that a protective order as requested by
15 the parties will serve the government's interest in preserving the
16 effectiveness and safety of confidential informants and/or
17 cooperating witnesses, while permitting the defense to understand the
18 government's evidence against defendant.

19    5.   Accordingly, the discovery related to confidential
20 informants and/or cooperating witnesses that the government will
21 provide to defense counsel in the above-captioned case will be
22 subject to this Protective Order, as follows:

23         a.   For purposes of the Protective Order, the term
24 "confidential materials" includes any information relating to a
25 confidential informant's or cooperating witness's prior history of
26 cooperation with law enforcement, prior criminal history, or any
27 other information that could be used to identify a confidential

informant or cooperating witness, such as a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or personal identification number.  The term "Protected Information" refers to any document or information containing confidential materials that the government produces to the defense pursuant to the Protective Order.

      b.    For purposes of the Protective Order, the term "defense team" refers to (1) defendant's counsel of record, (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case -- all of whom have been advised of their obligations under the Protective Order and have affirmed to defendant's counsel of record that they agree to be bound by the terms of the Protective Order.  The term "defense team" does not include defendant, his family members, or any other associates of defendant.

      c.    Defendant's counsel of record agrees to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any materials subject to the Protective Order.

      d.    The government is authorized to provide defendant's counsel of record with Protected Information marked with the following legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER."  If

defendant objects to any such designation, he may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

   e. Defendant may review Protected Information in this case only in the presence of the defense team, and the defense team shall ensure that defendant is never left alone with any discovery subject to the Protective Order.  Defendant may see and review Protected Information in the presence of the defense team, but defendant may not copy, keep, maintain, or otherwise possess any of such Protected Information in this case at any time.  Defendant must return any Protected Information to the defense team at the conclusion of any meeting at which defendant is permitted to view the Protected Information.  Defendant may not take any Protected Information out of the room in which he is meeting with the defense team.  Defendant may not write down or memorialize any confidential materials contained in the Protected Information.  At the conclusion of any meeting with defendant, the defense team shall take with him all Protected Information.  At no time, under no circumstance, will any Protected Information be left in the possession, custody, or control of defendant, whether he is incarcerated or not.

   f. The defense team shall not permit anyone other than the defense team to have possession of Protected Information, including defendant himself.

   g. The defense team shall access and use Protected Information for the sole purpose of preparing for trial or any related proceedings in this case.  The defense team may review Protected Information with a witness or potential witness in this

4

case, including defendant, subject to the requirement above that defense counsel must be present if Protected Information is being shown to defendant. Before being shown any portion of Protected Information, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No witness or potential witness may retain Protected Information, or any copy thereof, after his or her review of those materials with the defense team is complete.

      h.   The defense team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members and defendant as restricted above to see Protected Information, (2) not divulging to anyone the contents of Protected Information, and (3) not permitting Protected Information to be outside the defense team's offices, homes, vehicles, or personal presence.

      i.   To the extent that notes are made that memorialize, in whole or in part, the confidential materials in any Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

      j.   The defense team shall use Protected Information and materials otherwise identified as containing confidential materials only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255. In the

5

event that a party needs to file Protected Information or materials otherwise identified as containing confidential materials with the Court or divulge the contents of such materials in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact the confidential materials and make all reasonable attempts to limit the divulging of confidential materials.

        k.   Defendant and the defense team also agree that any confidential materials produced in the government's discovery prior to the date of the Protective Order shall be deemed covered by the terms of the Protective Order.

        l.   Upon the final disposition of this case, any Protected Information and materials otherwise identified as containing confidential materials shall not be used, in any way, in any other matter, absent a court order.  All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order.  Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return Protected Information and materials otherwise identified as containing confidential materials to the government or certify that such materials have been destroyed.

m. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any Protected Information or materials otherwise identified as containing confidential materials may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of materials designated subject to the Protective Order and who shall then become responsible for returning to the government or certifying the destruction of all Protected Information and materials otherwise identified as containing confidential materials upon the conclusion of appellate and post-conviction proceedings.

IT IS SO ORDERED.

February 08, 2018
DATE

THE HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

 /s/
JULIA S. CHOE
Assistant United States Attorney