NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JULIA S. CHOE (Cal. Bar No. 287038)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6530
    Facsimile: (213) 894-0141
    E-mail:  julia.choe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 5:17-239-PA |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | |
| MELVIN EDWARDS, III,<br>   *aka Melvin Thai Edwards,*<br>   *aka Jack Edwards,* | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Julia S. Choe, hereby files its Sentencing Position for defendant MELVIN EDWARDS, III.

//
//
//
//
//
//

This Sentencing Position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 23, 2018          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


     /s/ Julia S. Choe
JULIA S. CHOE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On March 13, 2018, defendant MELVIN EDWARDS, III pleaded guilty to Count One of the Indictment, which charges defendant with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g).  (Dkt. 25.)  Defendant pleaded guilty pursuant to a written plea agreement filed on February 22, 2018.  (Dkt. 21.)

In the Presentence Investigation Report ("PSR"), the Probation Office calculated a Total Offense Level of twenty-one, and determined that defendant falls within Criminal History Category VI, resulting in an advisory guidelines range of seventy-seven to ninety-six imprisonment.  (Dkt. 34 ("PSR") at 3.)  On July 10, 2018, defendant filed his sentencing position, and requested a sentence of forty months' imprisonment.  (Dkt. 35.)

The government concurs with the Probation Office's factual findings regarding defendant's offense conduct, and with the PSR's offense level and criminal history calculations.  The government believes that a low-end custodial sentence of seventy-seven months is appropriate in this case.

**II.  FACTUAL BACKGROUND**

On September 14, 2017, in San Bernardino County, defendant knowingly possessed a firearm, namely, a Canik, model TP9SF, 9mm caliber pistol, bearing serial number 16AT10487, and ammunition, namely, approximately nine rounds of Federal Cartridge Company 9mm caliber ammunition and nine rounds of Jagemann Corporation 9mm caliber ammunition.  That pistol and ammunition were found in the glove compartment of a Porsche Cayenne that defendant was driving. The pistol and ammunition were manufactured outside of California,

and therefore, were necessarily shipped from one state to another or between a foreign nation and the United States.

Defendant's possession of the pistol and ammunition occurred after defendant had been convicted of six violations of California state law, each punishable by a term of imprisonment exceeding one year.

### III. SENTENCING GUIDELINES CALCULATIONS

The government agrees with the Probation Office that the total offense level for defendant's conduct is 21. (PSR ¶ 30.) This calculation is based on a base offense level of 24, and a -3 reduction for acceptance of responsibility. (Id. ¶¶ 21-30.) The government does not believe that any other specific offense characteristics, adjustments, or departures are appropriate.

The PSR determined that the defendant has 15 criminal history points and is in criminal history category VI. (Id. ¶ 53.) Accordingly, the defendant's Guidelines range is seventy-seven to ninety-six months' imprisonment. (Id. ¶ 117.)

In accordance with the plea agreement in this case, the government respectfully recommends that the Court impose a custodial sentence of seventy-seven months' imprisonment (a sentence at the low-end of the applicable Guidelines range), a three-year period of supervised release with the conditions recommended by the Probation Office, and a $100 mandatory special assessment. This sentence is appropriate within the meaning of 18 U.S.C. § 3553(a), and would be "sufficient, but not greater than necessary," to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553.

## IV. CONCLUSION

For the foregoing reasons, the government submits that the factors set forth in 18 U.S.C. § 3553(a) support the imposition of a seventy-seven months' imprisonment, a three-year term of supervised release with the conditions recommended by the Probation Office, and a mandatory special assessment of $100.